IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SEREN MOTUS, LLC            )
                            )
v.                          ) NO. 3-14-2011
                            ) JUDGE CAMPBELL
CLUB LA MAISON, INC., et al.)

MEMORANDUM

Pending before the Court is a Motion to Dismiss (Docket No. 23), filed by Defendant Carolyn McGinley. For the reasons stated herein, the Motion to Dismiss is GRANTED, and all claims against Defendant McGinley are DISMISSED for lack of personal jurisdiction.

FACTS

This action, as it applies to Defendant McGinley, arises from a Certification Agreement in which McGinley purchased from Plaintiff three days of training to become certified as a "BarreAmped" fitness instructor. Plaintiff claims intellectual property rights to this method of teaching an exercise using a ballet barre. Per the Certification Agreement, Plaintiff would teach McGinley this method and McGinley would then be authorized to teach this class. Plaintiff has sued McGinley for breach of the Certification Agreement.

Plaintiff also entered into a License Agreement with Defendant Club La Maison, the studio where McGinley worked. Through that License Agreement, Club La Maison was granted the right, privilege and nonexclusive license to use Plaintiff's trademark "BarreAmped." Plaintiff has sued Club La Maison for breach of the License Agreement.

McGinley has moved to dismiss this action against her for lack of personal jurisdiction, arguing that she has no "minimum contacts" with the State of Tennessee and Plaintiff's claims do not arise from any activities by McGinley here.

MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

The party seeking to establish the existence of personal jurisdiction bears the burden to establish such jurisdiction. *Beydoun v. Wataniya Restaurants Holding,* 768 F.3d 499, 504 (6th Cir. 2014). When, as here, the Court rules on a jurisdictional motion to dismiss without conducting an evidentiary hearing, the Court must consider the pleadings and affidavits in a light most favorable to the plaintiff. *Id.* To defeat such a motion to dismiss, the plaintiff need only make a *prima facie* showing of jurisdiction. *Id.* In that instance, the burden on the plaintiff is "relatively slight," and the Court should not weigh the controverting assertions of the party seeking dismissal. *Air Products and Controls, Inc. v. Safetech Int'l., Inc.*, 503 F.3d 544, 549 (6th Cir. 2007); *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).

Where a federal court's subject matter jurisdiction arises under a federal question, personal jurisdiction over a defendant exists if the defendant is amenable to service of process under the forum state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant due process. *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002). Tennessee's long-arm statute has been interpreted to be coterminous with the limits of personal jurisdiction imposed by the Due Process Clause, and the jurisdictional limits of Tennessee law and of federal constitutional law of due process are identical. *Intera Corp. v. Henderson*, 428 F.3d 605, 616 (6th Cir. 2005).

When determining whether a district court's exercise of personal jurisdiction would offend due process, the relevant inquiry is whether the facts of the case demonstrate that the non-resident defendant possesses such minimum contacts with the forum state that the exercise of jurisdiction would comport with traditional notions of fair play and substantial justice. *Beydoun*, 768 F.3d at 505. The Sixth Circuit has articulated a three-part test to guide this determination. First, the defendant must purposefully avail herself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Id.*[1]

Purposeful availment is present where the defendant's contacts with the forum state proximately result from actions by the defendant herself that create a substantial connection with the forum state and where the defendant's conduct and connection are such that she should reasonably

---

[1] There are two kinds of personal jurisdiction, general and specific. Plaintiff in this case asserts only specific jurisdiction.

anticipate being haled into court in the forum state. *Beydoun*, 768 F.3d at 505-06. The emphasis in the purposeful availment inquiry is whether the defendant has engaged in some overt actions connecting the defendant with the forum state. *Id.* at 506.[2]

As noted, Plaintiff has the burden of proving that the exercise of personal jurisdiction over McGinley is proper. Plaintiff argues that McGinley has sufficient minimum contacts with Tennessee because she contacted Plaintiff in Tennessee about being trained and certified; she signed the Certification Agreement, which became effective upon acceptance by Plaintiff in Tennessee; she sent both the Certification Agreement and the contract payment to Plaintiff in Tennessee; and thus, she created a contractual relationship with a Tennessee resident for a period of one year (the term of the Certification Agreement).

At all relevant times, McGinley lived and worked in Pennsylvania. She has never been to Tennessee. Docket No. 26 (Declaration of McGinley). She has never owned or leased property in Tennessee. *Id.* She has never marketed or advertised in Tennessee and has no clients or business in Tennessee. *Id.* Her training to become a certified "BarreAmped" fitness instructor took place in New Jersey. *Id.*

The Court finds that Plaintiff has not carried its burden to show that McGinley purposefully availed herself of the privilege of conducting activities within Tennessee. McGinley did not conduct any activities within the State of Tennessee. Neither does Plaintiff's cause of action arise from any activities in Tennessee. Plaintiff's Complaint alleges that McGinley breached the Certification

---

[2] Purposeful availment is something akin to a deliberate undertaking to do or cause an act or thing to be done in the forum state or conduct which can be properly regarded as a prime generating cause of the effects resulting in the forum state, something more than a passive availment of the forum state's opportunities. *Bridgeport Music, Inc. v. Still N the Water Publishing*, 327 F.3d 472, 478 (6th Cir. 2003).

Agreement in Pennsylvania by teaching barre fitness at Club La Maison in Pennsylvania. The exercise of jurisdiction over McGinley does not comport with fair play and substantial justice.

The mere existence of a contract between McGinley and Plaintiff is insufficient to confer personal jurisdiction over McGinley. *See Calphalon Corp. v. Rowlette*, 228 F.3d 718, 722 (6th Cir. 2000); *Noval Intern. Resources, LLC v. Andec, Inc.*, 875 F.Supp.2d 804, 810 (W.D. Tenn. 2012). Here, the full purpose of the contract between these parties was so that McGinley could teach this fitness method. Her training and her work under the contract were in Pennsylvania. The fact that she sent her signed contract and payment to Plaintiff in Tennessee is simply not enough to confer personal jurisdiction in this case.

For these reasons, this Court lacks personal jurisdiction over Defendant McGinley. McGinley's Motion to Dismiss is GRANTED, and this action is DISMISSED without prejudice.

IT IS SO ORDERED.

                                                    TODD J. CAMPBELL
                                                    UNITED STATES DISTRICT JUDGE